JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ALYK OFLAZIAN

## DEFENDANTS

MANLEY, DEAS & KOCHALSKI, LLC

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. § 12101, et seq. ("ADA"); 43 P.S. § 951, et seq. ("PHRA") 29 U.S.C. §2601, et seq. ("FMLA")

Brief description of cause:
Plaintiff brings this action against her former employer for sex, pregnancy, and disability discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
October 23, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Huntingdon Valley, PA 19006_____

---

*RELATED CASE IF ANY:*  Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                     Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same
    individual?                                                                                                                                       Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?        Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ALYK OFLAZIAN | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| | : | |
| MANLEY, DEAS & KOCHALSKI, LLC | : | NO. |
| DEFENDANT. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

October 23, 2025

_____      _____      Plaintiff, Alyk Oflazian
**Date**                     **Attorney-at-law**           **Attorney for**

(215) 545-7676               (215) 565-2859                schiff@consolelaw.com

**Telephone**                **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **ALYK OFLAZIAN** :<br>**Huntingdon Valley, PA 19006** : | **CIVIL ACTION NO.** |
| : | |
| **Plaintiff,** : | **JURY TRIAL DEMANDED** |
| **v.** : | |
| : | |
| : | |
| : | |
| **MANLEY, DEAS & KOCHALSKI, LLC** : | |
| **1515 Market Street, Suite 830** : | |
| **Philadelphia, PA 19102** : | |
| : | |
| **Defendant.** : | |

---

<u>**COMPLAINT**</u>

## I.    <u>INTRODUCTION</u>

Plaintiff, Alyk Oflazian, brings this action against her former employer, Manley, Deas, & Kochalski, LLC ("Defendant").  Defendant discriminated against Plaintiff based on her  sex, sex/pregnancy (including related medical condition), and disability and retaliated against her for seeking/requesting a reasonable accommodation for her disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"),[1] Plaintiff further brings this action pursuant to the Family Medical Leave Act, as amended, 29 U.S.C. §2601, *et seq*. ("FMLA") for unlawful discrimination, retaliation, and leave interference. Plaintiff seeks all damages allowed under the law.

---

[1] Plaintiff intends to amend her Complaint one (1) year after the filing of her Charge with the Equal Employment Opportunity Commission to assert claims under the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1101, *et seq.* ("PFPO").

II.    **PARTIES**

1.      Plaintiff, Alyk Oflazian, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff is a woman.

3.      Defendant Manley, Deas & Kochalski, LLC is a limited liability company with a place of business at 1515 Market Street, Suite 830, Philadelphia, PA 19102.

4.      At all times material hereto, Defendant employed more than fifty (50) employees.

5.      At all times material hereto, Defendant acted by and through its authorized agents and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6.      At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

7.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

8.      The causes of action that form the basis of this matter arise under Title VII, the ADA, FMLA, and the PHRA.

9.      The District Court has jurisdiction over Count I (Title VII), Count II (ADA), an Count III (FMLA) pursuant to 28 U.S.C. §1331.

10.      The District Court has jurisdiction over Count IV (PHRA) pursuant to 28 U.S.C. §1367.

11.      Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

12.      On or about December 11, 2024, Plaintiff filed a Complaint with the Equal

Employment Opportunity Commission ("EEOC"), and cross filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

13.     On or about July 26, 2025, the EEOC issued Plaintiff a Determination and Notice of Rights. Attached hereto and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

14.     Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

15.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV.     <u>FACTUAL ALLEGATIONS</u>

16.      Plaintiff commenced her employment with Defendant in or about September of 2021.

17.     Plaintiff held the position of Attorney.

18.     Defendant is a law firm, and Plaintiff worked within its Bankruptcy Practice Group.

19.     Plaintiff consistently performed her job duties in a positive manner and received positive feedback.

20.     Plaintiff last reported to Adam Hall (male), Director of Practice for Defendant's Bankruptcy Practice Group. Hall reported to Theodore K. Manley, Principal and Chief Executive Officer.

21.     At the time of Plaintiff's termination, the following employees, besides herself,

worked in Defendant's Bankruptcy Practice Group and reported to Hall: (1) Stephen Franks (male), Attorney; (2) Steven Patterson (male), Attorney; (3) Todd Ruchman (male), Attorney; and (4) Jane Doe[2] (female), Attorney.

22.     In February 2023, Plaintiff gave birth to her third child. She took a leave of absence until June of 2023.

23.     Following her return to work, Defendant increased Plaintiff's workload.

24.     In or about February of 2024, Plaintiff became pregnant with her fourth child.

25.     In or about late April 2024, Plaintiff suffered an incomplete spontaneous abortion (also known as an incomplete miscarriage).

26.     Plaintiff's medical condition was a disability under the law in that it substantially impaired one or more of Plaintiff's major life activities.

27.     On or about July 13, 2024, Plaintiff started feeling sharp pelvic pain as a result of her medical condition.  Plaintiff thereafter spoke with her doctor and was advised that she needed to have surgery (Electronic Uterine Aspiration) in connection with her medical condition.

28.     On or about July 15, 2024, Plaintiff emailed Hall and Amy Vallance, Executive Director of Human Resources, "[a]s I mentioned to you a couple weeks ago, I was having personal health issues. I had lost a lot of blood due to a miscarriage and am still going through it. Can you please send me the FMLA forms?"

29.     On that same say, Erin Bauer, Human Resources Manager, responded to Plaintiff, "[y]ou do not qualify for FMLA or a personal leave since you would be unable to work due to a medical condition."  She further told Plaintiff that she might qualify for disability leave and provided her with information as to how to apply.

---

[2] Due to the sensitive nature of the allegations pertaining to this attorney, Plaintiff is using a pseudonym to identify her. Defendant is, however, aware of the identity of this individual.

30.     Plaintiff applied for short term disability on that date, which was approved, and went out on a medical leave of absence from on or about July 17, 2024 through September 2, 2024.

31.     This was a reasonable accommodation for Plaintiff's medical condition.

32.     On or about August 30, 2024, Plaintiff emailed Hall and Joyce Scanlon, Human Resources Specialist, "I'm planning on returning on 9/3/24 at this time. I may need to take time again but for now I think I'll be okay."

33.     Plaintiff returned to work on September 3, 2024.

34.     On or about September 6, 2024, Benjamin Ogg, Executive Director of Legal & Compliance, asked whether Plaintiff had booked a hotel room in connection with Defendant's annual attorney summit which was to occur in Ohio on October 13, 2024.

35.     Plaintiff responded to Hall "I don't know if I can go to this so I did not request a room. Without getting into all the details, my doctors are taking a wait-and-see approach to see if I need another operation done. I was told I should know more in the next 2-3 weeks."

36.     On or about September 9, 2024, Hall sent Plaintiff an email outlining the expectations and requirements for working hours and meeting attendance, even though Defendant never previously alleged Plaintiff had an issue with these before.

37.     On or about September 9, 2024, Plaintiff told Hall that "I was going through and still am going through an active miscarriage" and that "I am actually really struggling re-adjusting."

38.     On or about September 15, 2024, Plaintiff received a positive annual performance review.

39.     On or about October 4, 2024, Defendant terminated Plaintiff's employment,

effective immediately. Defendant alleged that Plaintiff was being terminated due to a position elimination.

40.     Jane Doe was the only other attorney terminated by Defendant.  Jane Doe has a medical condition that she has openly disclosed to Defendant.

41.     Defendant retained three (3) less qualified similarly situated male employees who, to Plaintiff's knowledge, did not have medical conditions.

42.     Plaintiff's sex was a motivating and determinative factor in Defendant's decision to terminate her employment.

43.     Plaintiff's sex/pregnancy (including without limitation related medical condition) was a motivating and determinative factor in Defendant's decision to terminate her employment.

44.     Plaintiff's actual and/or perceived disability and/or record of impairment was a motivating and determinative factor in Defendant's decision to terminate her employment.

45.     Plaintiff's request(s) for a reasonable accommodation was a motivating and determinative factor in Defendant's decision to terminate her employment.

46.     Plaintiff's medical leave was a motivating and determinative factor in Defendant's decision to terminate her employment.

47.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

48.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

49.     Plaintiff has incurred and is entitled to all costs and reasonable attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I – Title VII

50.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

51.     By committing the foregoing acts of discrimination against Plaintiff, Defendant violated Title VII.

52.     Defendant acted with malice and/or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

53.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the injuries, damages, and losses set forth herein.

54.     No previous application has been made for the relief requested herein.

## COUNT II– ADA

55.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

56.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADA.

57.     Defendant acted with malice and/or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

58.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

59.     No previous application has been made for the relief requested herein.

## COUNT III - FMLA

60.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

61.    By committing the foregoing acts against Plaintiff, Defendant violated the FMLA.

62.    By informing Plaintiff she did not qualify for FMLA leave, Defendant interfered with Plaintiff's ability to use protected leave under the FMLA.

63.    Defendant, by terminating Plaintiff after she took a protected leave of absence, discriminated and retaliated against Plaintiff and violated the FMLA.

64.    Defendant's actions were willful.

65.    The imposition of liquidated damages is warranted.

66.    As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered the damages and losses set forth herein.

67.    No previous application has been made for the relief requested herein.

## COUNT IV – PHRA

68.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

69.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

70.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

71.    No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

      (a)      declaring the acts and practices complained of herein to be in violation of Title VII;

      (b)      declaring the acts and practices complained of herein to be in violation of the ADA;

      (c)      declaring the acts and practices complained of herein to be in violation of the FMLA;

      (d)      declaring the acts and practices complained of herein to be in violation of the PHRA;

      (e)      enjoining and permanently restraining the violations alleged herein;

      (f)      entering judgment against Defendant and in favor of the Plaintiff in an amount to be determined;

      (g)      awarding Plaintiff back pay and front pay;

      (h)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

      (i)      awarding Plaintiff liquidated damages;

      (j)      awarding Plaintiff punitive damages;

      (k)      awarding Plaintiff interest;

(l)     awarding Plaintiff such other damages as are appropriate under the Title

VII, the ADA, FMLA, and the PHRA;

(m)     awarding Plaintiff the costs of suit, expert fees and other disbursements,

(n)     awarding Plaintiff reasonable attorneys' fees; and,

(n)     granting such other and further relief as this Court may deem just, proper,

or equitable.


                                   **CONSOLE MATTIACCI LAW, LLC**

Dated: October 23, 2025          BY: _____

                                   Lane Schiff, Esquire
                                   1525 Locust St., 9th Floor
                                   Philadelphia, PA 19102
                                   (215) 545-7676

                                   Attorney for Plaintiff,
                                   Alyk Oflazian

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ○ FEPA<br>X EEOC | |

STATE OR LOCAL AGENCY: PHRC/PCHR

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Alyk Oflazian** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>REDACTED |
|---|---|

| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Huntingdon Valley, PA 19006 | DATE OF BIRTH<br>REDACTED |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Manley, Deas & Kochalski LLC** | NUMBER OF EMPLOYEES, MEMBERS<br>> 100 | TELEPHONE (Include Area Code)<br>614-220-5611 |
|---|---|---|

| STREET ADDRESS<br>1515 Market Street, Suite 830<br>1555 Lake Shore Drive | CITY, STATE AND ZIP<br>Philadelphia, PA 19102<br>Columbus, Ohio 43204 | COUNTY<br>Philadelphia<br>Franklin |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>○ Race  ○ Color  **X** Sex  ○ Religion  ○ National Origin<br>**X** Retaliation  ○ Age  **X** Disability  ○ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*  *Latest*  **See below** |
|---|---|

## The Particulars Are:

A.    1.    Relevant Work History

I began working for Respondent in September of 2021.   I worked in the bankruptcy department of Respondent's law firm.   At all the time relevant, I performed my job duties in a positive manner and received positive feedback.  I last reported to Adam Hall (male), Director of Practice for Respondent's Bankruptcy Practice Group. Hall reported to Theodore K. Manley, Principal and Chief Executive Officer. At the time of my termination, the following employees, besides myself, worked in Respondent's Bankruptcy Practice Group and reported to Hall: (1) Stephen Franks (male), Attorney; (2) Steven Patterson (male), Attorney; (3) Todd Ruchman (male), Attorney; and (4). REDACTED (female), Attorney.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:<br>12/10/2024<br><br>Charging Party *(Signature)*: | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

EEOC Charge of Discrimination
Initials of Charging Party – ALO

2.   Harm Summary

I have been discriminated against because of my sex (female), sex/pregnancy, and my disability (including history of and regarded as) and retaliated against for seeking/requesting a reasonable accommodation for my disability. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

a.  In February 2023, I gave birth to my third child. I took a leave of absence until June of 2023.

b.  In or about March of 2024, I became pregnant with my fourth child.

c.  In or about late April 2024, I suffered an incomplete spontaneous abortion. This happened because I had a miscarriage, but my body did not recognize the loss and continued to produce pregnancy hormones and placenta.

d.  On or about July 13, 2024, I started feeling sharp pelvic pain as a result of my disability. I thereafter spoke with my doctor and was advised that I needed to have surgery (Electronic Uterine Aspiration) in connection with my disability.

e.  On or about July 15, 2024, I emailed Hall and Amy Vallance, Executive Director of Human Resources, "As I mentioned to you a couple weeks ago, I was having personal health issues. I had lost a lot of blood due to a miscarriage and am still going through it. Can you please send me the FMLA forms?"

f.  On that same say, Erin Bauer, Human Resources Manager, responded to me, "You do not qualify for FMLA or a personal leave since you would be unable to work due to a medical condition." She further told me that I might qualify for disability leave and provided me with information as to how to apply.

g.  I applied for short term disability on that date, which was approved, and went out on a medical leave of absence from on or about July 17, 2024 through September 2, 2024.

h.  This was a reasonable accommodation for my disability.

i.  On or about August 30, 2024, I emailed Hall and Joyce Scanlon, Human Resources Specialist, "I'm planning on returning on 9/3/24 at this time. I may need to take time again but for now I think I'll be okay."

j.  I returned to work on September 3, 2024.

k.  On or about September 6, 2024, Benjamin Ogg, Executive Director of Legal & Compliance, asked whether I had booked a hotel room in connection with Respondent's annual attorney summit which was to occur in Ohio on October 13,

**EEOC Charge of Discrimination**
**Initials of Charging Party –** ALO

2024. I responded to Hall "I don't know if I can go to this so I did not request a room. Without getting into all the details, my doctors are taking a wait-and-see approach to see if I need another operation done. I was told I should know more in the next 2-3 weeks."

l.   On or about September 9, 2024, Hall sent me an email outlining the expectations and requirements for working hours and meeting attendance, even though Respondent never previously alleged I had an issue with these before.

m.   On or about September 9, 2024, I told Hall that "I was going through and still am going through an active miscarriage" and that "I am actually really struggling re-adjusting."

n.   On or about September 15, 2024, I received a positive annual performance review.

o.   On or about October 4, 2024, Respondent terminated my employment, effective immediately. Respondent alleged that I was being terminated due to a position elimination.

p.   [REDACTED] was the only other attorney terminated by Respondent. [REDACTED] has a medical condition that she has openly disclosed to Respondent.

q.   Respondent retained three (3) less qualified similarly situated male employees who, to my knowledge, did not have medical conditions.

r.   Respondent terminated my employment because of sex.

s.   Respondent terminated my employment because of my sex/pregnancy.

t.   Respondent terminated my employment because of my disability (including history of and regarded as).

u.   Respondent terminated my employment because I sought/requested a reasonable accommodation for my disability.

v.   Respondent's discriminatory and retaliatory conduct toward me has caused me emotional distress.

B.   1.   Respondent's Stated Reasons

    (a)   Respondent's stated reason for terminating my employment is a pretext for discrimination and retaliation as outlined herein.

C.   1.   Statutes and Bases for Allegations

    I believe that Respondent has discriminated against me because of my sex, sex/pregnancy, and disability (including history of and regarded as) and retaliated against me for seeking/requesting a reasonable accommodation for my disability

**EEOC Charge of Discrimination**
**Initials of Charging Party –** ALO

in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. §2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, as
amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human
Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia
Fair Practices Ordinance, as amended, Phila. Code § 9-1101, *et seq.* ("PFPO").

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/26/2025

**To:** Alyk Oflazian
REDACTED
Huntingdon Valley, PA 19006
Charge No: 530-2025-02092

EEOC    Representative    and    Legal Unit
telephone number:

(267) 589-9707

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-02092

On behalf of the Commission,

Digitally Signed By:Karen McDonough
07/26/2025

Karen McDonough
Deputy Director

**Cc:**
Jacklyn Ford
Vorys, Sater, Seymour & Pease, LLP
52 E GAY ST
Columbus, OH 43215

NA NA
2318 Stahl Road
Huntingdon Valley, PA 19006

Lane J Schiff Esq.
CONSOLE MATTIACCI LAW
1525 Locust Street, 9th Floor
Philadelphia, PA 19102


Please retain this Notice for your records.